NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL SUBLETT,

Petitioner-Appellant,

v.

DONALD HOLBROOK,

Respondent-Appellee.

No.    18-35328

D.C. No. 3:17-cv-05672-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 11, 2019[**]
Seattle, Washington

Before:  BOGGS,[***] BERZON, and WATFORD, Circuit Judges.

Michael Sublett appeals from the district court's order denying his petition

for a writ of habeas corpus.  He argues that the state court's determination that he

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

is not entitled to relief on his Sixth Amendment claim is unreasonable under 28 U.S.C. § 2254(d)(1) and (2). We affirm.

Sublett challenges his conviction on the basis that being forced to wear a stun device at trial impeded his ability to communicate with counsel, which constituted structural error warranting habeas relief without a showing of prejudice. On postconviction review, the Washington Supreme Court held that "[b]efore allowing the use of restraints, the trial court should conduct a hearing and enter findings sufficient to justify their use." But even though the trial court failed to do that here, the court concluded, Sublett still had to show actual and substantial prejudice to secure relief.

The state court's decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Supreme Court has held that the "Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial[,]" such as "physical security, escape prevention, or courtroom decorum." *Deck v. Missouri*, 544 U.S. 622, 628–29 (2005). In addition, restrictions on a defendant's ability to consult with his attorney can constitute a denial of the Sixth Amendment right to assistance of counsel, *Perry v. Leeke*, 488 U.S. 272, 284–85 (1989); *Geders v. United States*, 425 U.S. 80, 91 (1976), and to

2

the extent a physical restraint has that effect, it could presumably violate that right as well. But the Supreme Court has not held that the use of a stun device constitutes structural error when there is no evidence that the jury ever saw the restraint, or any evidence that the defendant was barred from communicating with counsel. The state court was thus not unreasonable in applying a prejudice inquiry to determine whether relief was warranted. Indeed, we have reached the same conclusion, holding that while the use of a nonvisible stun device at trial can constitute constitutional error, a showing of actual prejudice is required for relief. *Gonzalez v. Pliler*, 341 F.3d 897, 903–04 (9th Cir. 2003).

Nor was the Washington Supreme Court's decision "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). The court relied on findings from the trial court's postconviction hearing that "there was no evidence that the jury saw the device or that it was readily apparent." And although the device "may have altered" Sublett's behavior in court, he "was able to regularly communicate with his attorneys at trial and during recesses." In light of these factual findings, which Sublett does not challenge, the court reasonably concluded that Sublett "cannot show actual and substantial prejudice."

**AFFIRMED.**

3